UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORAH MCDANIEL,<br><br>                    Plaintiff,<br>   v.<br><br>BROOKLYN BEDDING LLC,<br><br>                    Defendant. | CASE NO. 3:24-cv-05100-LK<br><br>ORDER TO SHOW CAUSE |

      This matter comes before the Court on Defendant Brooklyn Bedding LLC's Motion to Dismiss for Failure to State a Claim. Dkt. No. 19. A key legal question in that motion concerning the viability of Plaintiff Deborah McDaniel's Washington Consumer Protection Act claim is similar to that raised in a case currently pending before the Ninth Circuit Court of Appeals, *Shawnna Montes v. SPARC Group, LLC*, No. 23-35496. Additionally, the appellant in that matter has requested that the Ninth Circuit certify the question to the Washington State Supreme Court. 9th Cir. No. 23-35496, Dkt. No. 4. For that reason, the Court issues this Order to Show Cause why this matter should not be stayed pending the resolution of *Montes*.

ORDER TO SHOW CAUSE - 1

## I. BACKGROUND

Plaintiff Deborah McDaniel has filed a putative class action challenge to allegedly fraudulent sales practices by Brooklyn Bedding. *See* Dkt. No. 1. McDaniel alleges that Brooklyn Bedding offers its products as marked down from higher "list" prices, when it fact it never offers those products at the higher prices, *id.* at 5, and uses count-down clocks to create a sense of urgency in buyers, when in reality Brooklyn Bedding merely starts a new time-limited sale immediately after each one expires, *see id.* at 8–14. McDaniel alleges that this conduct violates the Washington Consumer Protection Act ("CPA"), which prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Id.* at 18 (quoting Wash. Rev. Code § 19.86.020). In addition to the CPA claim, McDaniel asserts claims for breach of contract, breach of express warranty, quasi-contract/unjust enrichment, and intentional misrepresentation. *Id.* at 26–31.

Brooklyn Bedding argues in its motion to dismiss that McDaniel obtained the product she wanted at the price she agreed to, claims no defect in that product (in fact praising it as "divine" in an online review), and never sought to return it, so she has no injury or damages to support a CPA claim. Dkt. No. 19 at 7; *see also Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986) (listing the elements of a CPA claim).

## II. DISCUSSION

**A.  Courts Have Reached Divergent Outcomes When Applying Consumer Protection Laws to Fictitious Former Price Claims**

As the parties acknowledge in their briefs, courts around the country, including in this district, have reached varying results in similar cases involving other states' consumer protection laws. Several state and federal courts of appeal have held that claims of the type McDaniel asserts are not actionable. *See, e.g.*, *Robey v. SPARC Group LLC*, 311 A.3d 463 (N.J. 2024); *Hennessey*

ORDER TO SHOW CAUSE - 2

*v. Gap, Inc.*, 86 F.4th 823 (8th Cir. 2023); *Leigh-Pink v. Rio Properties, LLC.*, 512 P.3d 322 (Nev. 2022); *Gerboc v. ContextLogic, Inc.*, 867 F.3d 675 (6th Cir. 2017); *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1 (1st Cir. 2017); *Kim v. Carter's Inc.*, 598 F.3d 362 (7th Cir. 2010). Nonetheless, the Ninth Circuit allowed a claim of this sort—relating to California consumer protection laws—to proceed past the motion to dismiss stage in *Hinojos v. Kohl's Corp.*, 718 F.3d 1098 (9th Cir. 2013). McDaniel relies on *Hinojos*, while Brooklyn Bedding argues it is distinguishable because of unique features of California law. *Compare* Dkt. No. 24 at 7–8, *with* Dkt. 27 at 6.

In this district, two courts have denied motions to dismiss fictitious sale claims under the Washington CPA, while a court in the Eastern District of Washington granted a motion to dismiss. *Compare Fitzgerald v. Shade Store, LLC*, Case No. C23-1435-RSM, 2024 WL 3540540 (W.D. Wash. July 25, 2024) *and Nemykina v. Old Navy*, 461 F. Supp. 3d 1054 (W.D. Wash. 2020), *with Montes v. Sparc Group, LLC*, Case No. 2:22-cv-0201-TOR, 2023 WL 4140836 (E.D. Wash. June 22, 2023). The parties dispute the reasoning and import of the district court decision in *Montes*: Brooklyn Bedding asks this court to rely on it, while McDaniel argues that her pleading does not suffer from the same defects and that *Montes* contravenes *Hinojos*. *See* Dkt. No. 19 at 15; Dkt. No. 24 at 7 & n.2.

**B.      The Ninth Circuit Has Recently Certified a Similar Question to the Oregon Supreme Court**

Another case—*Clark v. Eddie Bauer, LLC*, 30 F.4th 1151 (9th Cir. 2022)—bears heavily on the Court's consideration of how to proceed in this matter. *Clark* originated in this district, where the court held that a fictitious former price claim was not actionable under the Oregon Unlawful Trade Practices Act ("UTPA") due to lack of ascertainable loss. *Clark v. Eddie Bauer, LLC*, Case No. C20-cv-1106-JCC, 2021 WL 1222521, at *4–5 (W.D. Wash. April 1, 2021). On appeal, the Ninth Circuit certified that question to the Oregon Supreme Court. *See Clark*, 30 F.4th

ORDER TO SHOW CAUSE - 3

at 1157. Ultimately, the Oregon Supreme Court held that the plaintiffs had stated a claim for ascertainable loss under the UTPA. *Clark v. Eddie Bauer*, 532 P.3d 880 (Or. 2023). The case was remanded back to the Western District of Washington. *Clark v. Eddie Bauer LLC et al*, Case No. 2:20-cv-1106-RAJ. In the pending *Montes* case, Plaintiff-Appellant has asked the Ninth Circuit to certify a question to the Washington State Supreme Court, following the *Clark* example. 9th Cir. No. 23-35496, Dkt. No. 4.[1] The Ninth Circuit referred the certification motion to the merits panel, and oral argument is scheduled for October 23, 2024. *Id.*, Dkt. Nos. 8, 36.

C.   **The Parties Should Address If a Stay Is Appropriate**

Neither party has asked this Court to stay this matter in light of the pending *Montes* appeal, but based on its assessment that the *Montes* decision could resolve or narrow this dispute, the Court orders the parties to show cause why this matter should not be stayed.

To determine whether a stay is appropriate, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among those competing interests are "the possible damage which may result from granting a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

In their responsive briefs, the parties should address the elements of the multi-factor test above, including potential benefits of a stay, such as judicial economy and efficiency, and any drawbacks, such as delay. The parties should further address the extent to which *Montes* may resolve or narrow this dispute.

---

[1] The Ninth Circuit likewise certified a question to the Nevada Supreme Court in *Leigh-Pink v. Rio Properties, LLC*, 989 F.3d 735, 738 (9th Cir. 2021), though it declined to certify a question to the California Supreme Court in *Hinojos*, 718 F.3d at 1109.

ORDER TO SHOW CAUSE - 4

### III. CONCLUSION

Accordingly, the Court ORDERS both parties to show cause why this case should not be stayed pending resolution of *Montes*. The Court directs the parties to meet and confer to determine their positions as to a stay, and to respond as follows:

- If the parties agree on the propriety of a stay, or lack thereof, they may file a joint position statement no later than 14 days from this Order.
- If the parties do not agree, McDaniel shall file a statement of its position 14 days from this Order, and Brooklyn Bedding shall file a statement 21 days from this Order.

Dated this 15th day of October, 2024.

Lauren King
United States District Judge